IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SAMUEL W. DEMOS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action |
| vs. ) | No. 09-4061-CV-C-JCE-SSA |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Plaintiff is appealing the final decision of the Secretary denying his application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 et seq. and supplemental security income benefits under Title XVI of the Act, 42 U.S.C. § § 1381 et seq. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), this Court may review the final decisions of the Secretary. For the following reasons, the Secretary's decision will be affirmed.

Standard of Review

Judicial review of a disability determination is limited to whether there is substantial evidence in the record as a whole to support the Secretary's decision. 42 U.S.C. § 405(g); e.g., Rappoport v. Sullivan, 942 F.2d 1320, 1322 (8th Cir. 1991). Substantial evidence is "'such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. V. NLRB, 305 U.S. 197, 229 (1938)). Thus, if it is possible to draw two inconsistent positions from the evidence and one

position represents the Agency's findings, the Court must affirm the decision if it is supported on the record as a whole. Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992).

In hearings arising out of an application for benefits, the claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A). Wiseman v. Sullivan, 905 F.2d 1153, 1156 (8th Cir. 1990). In order to meet this burden, the claimant must show a medically determinable physical or mental impairment that will last for at least twelve months, an inability to engage in substantial gainful activity, and that this inability results from the impairment. Id. Once a claimant demonstrates that the impairment is so severe as to preclude the performance of past relevant work, the burden shifts to the Secretary to prove some alternative form of substantial gainful employment that claimant could perform.

The standard by which the ALJ must examine the plaintiff's subjective complaints of pain is well settled. The ALJ must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as the claimant's daily activities, the duration and frequency of pain, precipitating and aggravating factors, dosage and effects of medication, and functional restrictions. Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). When rejecting a claimant's subjective complaints, the ALJ must make an express credibility determination detailing the reasons for discrediting that testimony, and discussing the factors set forth in Polaski.

The ALJ must give full consideration to all of the relevant evidence on the Polaski factors and may not discredit subjective complaints unless they are inconsistent with the evidence in the record as a whole. Haynes v. Shalala, 26 F.3d 812, 814 (8th Cir. 1994).

Discussion

Plaintiff was 47 years of age at the time of the hearing before the Administrative Law Judge. He completed the ninth grade and has worked primarily as a factory worker or janitor.

In his testimony before the ALJ, defendant complained of several impairments, including degenerative disc disease of the cervical and lumbar spine, obesity, and a major depressive disorder. He also complained of carpal tunnel, heart disease, diverticulitis, spinal stenosis, diabetes and a hip fracture.

Regarding his daily activities, plaintiff testified that he attempted a job cutting timber, which lasted approximately six weeks. He has done home repair work, which involved the use of a pry bar. He has been forced to give up riding horses. He was involved in an automobile accident while checking fences on his property. The automobile accident is responsible for his continuing hip problem.

It was the finding of the ALJ that:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2005.

2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b), 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: degenerative disc disease of the cervical and lumbar spine; obesity; and a major depressive disorder (20 CFR 404.1520 ( c) and 416.920 ( c )). Although the claimant has hip pain from a "probable" fracture and type II diabetes mellitus, these are not severe impairments. They impose only minimal limitations upon the claimant's ability to function.
4. The claimant does not have an impairment or combination of impairments that meets

or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to occasionally lift and carry 50 pounds; frequently lift and carry 25 pounds; sit 6 hours in an 8-hour workday; and stand/walk 6 hours in an 8-hour workday. The claimant should avoid concentrated exposure to vibration. He is able to understand, remember, and carry out at least simple instructions and non-detailed tasks; respond appropriately to supervisors and co-workers in a task oriented setting where contact with others is casual and infrequent; and adapt to routine/simple work changes.

6. At all times relevant to this decision, the claimant has been capable of performing past relevant work as a janitor and factory worker. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a "disability," as defined in the Social Security Act, from November 15, 2002 through the date of this decision (20 CFR 404.1520(f) and 416.920(f).

The ALJ discredited plaintiff's testimony regarding the severity of the impairments. In doing so, he examined the medical record. He noted Dr. Patrick's report, as well as those of Dr. Sanders; Dr. Nittler, and Dr. Hooshmand, regarding plaintiff's cervical spine problems. He notes that while surgery may have relieved some of the impairments, it was the plaintiff's failure to lose weight and quit smoking, which prevented the procedures.

With regard to plaintiff's depression, the ALJ noted that at the time of the hearing, he was not taking medication. He considered the GAF score, as well as the opinions of Dr. Brenner, and finally the opinion of the physician's assistant, that his depression was situational.

Plaintiff's work history and daily activities were considered, as well as his demeanor at

the hearing. The ALJ considered plaintiff's failure to be compliant with his diabetes treatment plans and instructions to quit smoking.

Plaintiff asserts that the ALJ erred because he failed to evaluate the combined effects of all impairments on plaintiff; that his daily activities should not be used to indicate the absence of a disability; that the plaintiff need not be bedridden or completely helpless to be found disabled, and finally, that his opinion is not supported by substantial evidence.

Having fully reviewed the record, this Court is of the opinion that there is inadequate medical evidence to support level of impairment alleged by plaintiff; that plaintiff has failed to follow medical advice and has daily activities which are inconsistent with his allegations of impairment. Specifically, the Court notes that the ALJ did consider plaintiff's impairments in combination. He found that the disc disease of the lumbar spine; obesity, and depression were severe. He also noted hip pain from probable hip fracture is not severe as that only imposed minimal limitations on his ability to function. The medical records support his finding of a long history of noncompliance with his diabetes treatment plans; that he has failed to control his obesity, and that he has continued to smoke. The record does not support a conclusion that these decisions were completely financial. With regard to his hip, the record reflects that the pain was under control and further that controlling his diabetes and quitting smoking would assist the hearing process.

The medical records also support the fact that plaintiff's heart problems did not significantly limit his ability to work and that, while he suffers from abdominal pain and has been

diagnosed with diverticulitis and hernias, he has failed to follow up with a specialist in Gastroenterology and dietary suggestions.

The residual functional capacity was determined by the ALJ, after considering the medical records. He also considered his daily activities and his interpersonal skills. The opinions of Dr. Jogannathan were properly considered in conjunction with medical records as a whole. Because of plaintiff's limited contact with the doctor, she is not a treating source. In addition, there are unexplained contradictions in her finding with regard to limitations.

Based on the record before it, the Court finds that the ALJ's decision is supported by substantial evidence in the record, <u>Clark v. Sullivan,</u> 768 F. Supp. 278, 280 (W.D. MO 1991), and that plaintiff has failed to meet his burden of proving that he has an impairment that precludes him from engaging in substantial gainful activity. The ALJ's findings that plaintiff was not disabled and could perform his past relevant work as a janitor and factory worker are supported in the record as a whole. Accordingly, the decision of the Secretary should be affirmed.

It is hereby

ORDERED that the decision of the Secretary be, and it is hereby, affirmed.

                                                  /s/ *James C. England*
                                                  JAMES C. ENGLAND
                                                  United States Magistrate Judge

Date: June 15, 2010